GEORGE T. BURTON v. GRAY, KIRKMAN & Co.

PLEADINGS AND PRACTICE.    *New trial.*    Not more than two new trials.
can be granted to the same party in the same cause, unless for error
in the charge of the court, or in admission or rejection of testimony
or for misconduct of the jury or the like.    The refusal of the jury to
regard the charge of the court is not such misbehavior or misconduct
on the part of the jury as will authorize the judge to grant more than
two new trials.

FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson
county.    F. T. REID, J.

GEORGE B. GUILD for Burton.

TULLY BROWN and T. E. MATHEWS for Gray, Kirk-
man & Co.

COOKE, Sp. J., delivered the opinion of the court.

This action was instituted before a justice of the
peace to recover a demand alleged to be due the plain-

Burton *v.* Gray, Kirkman & Co.

tiff for services rendered to the defendants by him as salesman.

The plaintiff was employed by defendants for the year 1880 at the price of $1,020, and if his sales during the year amounted to $21,000 he was to have a further advance of salary of $180.00, and if to $25,000 an advance of $480.00. His sales during the year did amount to over $21,000, but were less than $25,000.

During the year plaintiff lost some time in attendance upon his mother, and also a brother, who were sick. And the defendants, while they recognize his right to the advance of $180.00 upon his salary of $1,020.00, claimed the right to deduct from it $85.00 for the time he had lost by reason of the sickness of his mother and brother. To this the plaintiff refused to submit, but contended for the whole amount. All the residue of his salary was either paid or tendered, and this item of $85.00 is alone involved in the lawsuit.

The case having been tried by the justice, was appealed to the circuit court, where a jury was demanded, and there have been four successive trials and verdicts. The first three of which were successively in favor of the plaintiff, and were set aside by the court. The fourth resulted in favor of the defendants, upon which judgment was rendered and the plaintiff has appealed.

The first of these verdicts, as the record shows, was set aside and a new trial granted because the verdict was against the evidence. The second, upon the ground that it was "wantonly contrary to the

evidence and in disregard of the charge"; and the third, "because of refusal on part of jury to regard the charge of court." To the action of the court in setting aside this third verdict in his favor, and again granting a new trial, the plaintiff excepted and filed a bill of exceptions embodying the testimony.

In the view we have taken of the case, we deem it unnecessary to review the subsequent action of the court or to determine whether or not his view of the law, as applicable to the facts of the case, was correct.

Section 3122 of the Code provides that not more than two new trials shall be granted to the same party in an action of law, or upon a trial by jury of an issue of fact in equity. This act has been construed to mean that, when the facts of the case have been submitted to a jury upon a proper charge, and two juries have found verdicts in favor of the same party, which were set aside, if the same party obtain another verdict in like manner, it shall not be disturbed. But such verdict might be set aside for error in the charge, or in the admission or rejection of testimony, or for misconduct of the jury, or the like: 10 Yer., 500; 1 Hum., 16; 1 Head, 169; 2 Lea, 312. The record wholly fails to show that any of these causes existed, and the party who seeks to sustain the action of the court must be able to show from the record that some one of them did exist, and upon which the action of the court was based: 1 Hum., 16.

It is insisted by counsel that as the record states the new trial was granted because of the refusal of

the jury to regard the charge of the ᶜcourt, such re-
fusal was misbehavior on the part of the jury within
the meaning of the construction given to the act, and
hence, the circuit judge was authorized to set aside
this verdict and grant another trial. It is evident,
however, that the meaning of the language used by
the judge in the ᶜorder ᵛgranting the new trial, was
that the jury failed to find, as he thought they should
have found, ᵝfrom the charge which he had given them,
or in other words, found against the charge. If such
a finding were held to be such misbehavior on the
part of juries as would authorize the court to continue
to grant new trials *ad libitum*, it would be difficult
to conceive of a case to which the prohibition of the
statute would apply. Besides such an idea is directly
negatived by the language of the court in construing
the act of 1801, which is identical in its provisions
with the sections of the Code above cited and which
was simply carried into the Code.

Judge Reese, delivering the opinion of the court
in the case of *Turner* v. *Ross*, 1 Hum., 20, says:
"But it is said that it is not usual to state upon
the record upon which a new trial has been granted.
It would be very easy to do so, and if it shall often
happen that the juries of the country, contrary to a
most grave and solemn duty, shall turn a deaf ear to
the law of the case as expounded by the court in its
charge, and the Legislature shall choose to continue
the limitation upon the legal discretion of the judge,
contained in the act of 1801, it may become very
proper for him to adopt a mode of entry upon the

record, in cases of new trials which, showing always the ground of his action, shall place the responsibility, if the law must be defeated and injustice be done, where it ought properly to rest." It is unnecessary to make any comment upon this language. It shows clearly that the court recognized the power of juries under this act, to disregard the instructions of the court and find contrary thereto, and when they do so more than twice in the same case, in favor of the same party, the power of the court is exhausted, and the verdict, although it may be against the law and justice of the case, must stand. Whether such was the case with this verdict or not, is immaterial.

The misbehavior of a jury contemplated in the construction given to this statute, evidently was some unlawful or unauthorized acts done by them which would of themselves vitiate their verdict, such as hearing evidence in the jury room, acting upon the knowledge of each other in regard to the case, or the statements of other parties not having been examined as witnesses, etc.

The verdict erroneously set aside in this case was for $83.83 in favor of the plaintiff. The judgment of the circuit court must, therefore, be reversed, and judgement be rendered here in favor of the plaintiff for the amount of said verdict, with interest from the time of its rendition.